UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JENNIFER L. GRIFFITH and SARAH CARVER,<br><br>    Plaintiffs,<br><br>v.<br><br>ERIC C. CONN, et al.,<br><br>    Defendants. | Civil No. 11-157-ART<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The United States has filed an ex parte motion for a sixty-day stay of this False Claims Act action. R. 17. Because that Act does not authorize the United States to seek such a stay, the motion is denied.

## BACKGROUND

Jennifer Griffith and Sarah Carver brought this action on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729–3733. Their suit is against Eric C. Conn, a Kentucky lawyer, and David B. Daugherty, an administrative law judge for the Social Security Administration. *See* R. 2 at 2. The complaint alleges that Daugherty sought out cases involving Conn's clients, conducted sham proceedings, and awarded those clients benefits they were not entitled to receive. *See id.* at 16–19. Conn then collected attorney's fees for those claims. *See id.* at 2.

The False Claims Act authorizes qui tam actions, in which private plaintiffs like Griffith and Carver (known as relators) bring civil suits for violations of the Act in the

government's name. *See* 31 U.S.C. § 3730(b). If the suit is successful, the relators receive anywhere from fifteen to thirty percent of the amount recovered. *See* 31 U.S.C. § 3730(d). By giving relators a stake in the outcome of these cases, the Act incentivizes relators to discover and investigate fraud against the government. *See United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 507 (6th Cir. 2009).

Qui tam actions proceed along a different procedural path than run-of-the-mill civil cases. Complaints are filed under seal and served on the United States along with "all material evidence and information" the relator has in its possession. *See* 31 U.S.C. § 3730(b)(2). The United States has sixty days to decide whether to intervene and take over the case. *See id.* The United States can ask for more time to make that decision, but a court cannot grant an extension unless the United States demonstrates "good cause" for the extension. *See* 31 U.S.C. § 3730(b)(3). The defendant is served after the United States decides whether to intervene. *See* 31 U.S.C. § 3730(b)(2).

If the United States intervenes, then it assumes control of the litigation. The relators remain involved, but the Court may limit their participation at the United States' request. *See* 31 U.S.C. § 3730(c)(2). If the United States does not intervene, the relators continue at the helm. The United States may ask to be served with all filings in the case and retains the right to ask to intervene at any point in the case. *See* 31 U.S.C. § 3730(c)(3). In either case, the United States may apply for a sixty-day stay of discovery when discovery by the relator "would interfere with the Government's investigation or prosecution of a criminal or civil matter arising out of the same facts." 31 U.S.C. § 3730(c)(4). The United States may request an extension by showing that it "pursued the criminal or civil investigation or

2

proceedings with reasonable diligence" and that the relator's discovery would interfere with the investigation or proceedings. *Id.*

The United States asked for and received four extensions of the time to decide whether to intervene in this case. The complaint was filed on October 11, 2011, R. 2, so the initial sixty-day period expired on December 12, 2011. The Court granted the first extension because the United States needed time to evaluate whether the relators allegations, which involved hundreds of disability claims, had merit. *See* R. 5; R. 6. The United States asked for and received a second extension because it needed more time to complete the ongoing investigation into the relators' allegations. *See* R. 8; R. 9. The Court granted the third extension to give the United States time to depose ALJ Daugherty, whose deposition was delayed while ALJ Daugherty obtained counsel. R. 10; R. 11. Then the Court granted a fourth extension to give the United States more time to investigate after ALJ Daugherty refused to answer questions at his deposition. *See* R. 12; R. 13. That fourth extension expired on December 13, 2012.

The United States then filed an ex parte notice stating its decision not to intervene. R. 14. As permitted by the Act, the United States requested to be served with all pleadings and orders filed in the case. *See* R. 14 at 2; 31 U.S.C. § 3730(c)(3). The United States also filed a motion for a sixty-day stay of the case. R. 15. The Court mistakenly construed that motion as one for a fifth extension of the time to decide whether to intervene and granted the motion on that basis. R. 16. The United States now seeks a sixty-day stay of the proceedings. R. 17.

# DISCUSSION

I. **The False Claims Act Does Not Give the United States the Right To Seek a Stay of a Qui Tam Action After It Declines To Intervene**

Once the United States decides not to intervene, as it has done here, the relator is in charge of the case. "The United States is thereafter limited to exercising only specific rights during the proceeding." *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009). Even though the Act grants the United States a limited role in the litigation, the United States is not an actual party to a qui tam suit unless it intervenes. *See id.* at 932–33.

The Act does not grant the United States the right to seek a stay of an entire qui tam action. Under section 3730(c)(4), the United States has the right to seek a short stay of discovery. *See id.* at 932. That provision states:

> Whether or not the Government proceeds with the action, upon a showing by the Government that certain actions of discovery by the person initiating the action would interfere with the Government's investigation or prosecution of a criminal or civil matter arising out of the same facts, the court may stay such discovery for a period of not more than 60 days . . . .

Once the United States declines to intervene, the plain text of section 3730(c)(4) permits it to seek only a stay of harmful discovery actions by the relator. Section 3730(c)(4) does not allow the United States to seek a stay of all discovery, and it does not allow the United States to seek a stay of the entire qui tam action. *See United States ex rel. Fender v. Tenet Healthcare Corp.*, 105 F. Supp. 2d 1228, 1230 (N.D. Ala. 2000) (holding that once the United States declines to intervene, "it may no longer petition the court for an extension of time to hold the case under seal, nor may it call a complete halt to the relators' discovery"); *United States ex rel. McCoy v. Cal. Med. Review, Inc.*, 715 F. Supp. 967, 969–70 (N.D. Cal.

4

1989) ("[T]he section implicitly refutes the United States' position that a stay of the entire action is available.").

The United States argues that the Court has the inherent authority to stay any litigation on its docket and that exercise of the Court's authority is appropriate in this case. *See* R. 17-1 at 3. The problem for the United States is that even if the Court can stay the entire case, the Act does not give the United States the ability to ask for that stay. So the motion for a sixty-day stay is denied.

## II.     Sealed Filings

After the United States has decided whether to intervene, the Court must unseal the complaint and order the relator to serve the complaint on the defendant. *See* 31 U.S.C. § 3730(b)(2). But the Court has the discretion to decide whether to seal or unseal the rest of the documents filed in the record. *See United States ex rel. Howard v. Lockheed Martin Corp.*, No. 1:99-cv-285-SJD, 2007 WL 1513999, at *2 (S.D. Ohio May 22, 2007) (collecting cases). In making that decision, courts consider the public interest in disclosure, the defendants' need for access to the records, and the potential harm to the government from disclosure. *See id.* at *2–3. "[T]here is a strong presumption that court files will be open to the public . . . ." *Smith v. Sec. & Exch. Comm'n*, 129 F.3d 356, 359 n.1 (6th Cir. 1997). The Court reviewed the filings in this case and found only three documents that contain information that might harm the government if disclosed. R. 12; R. 15-2; R. 17-2. Therefore, the Court will unseal all other prior filings in this case on Friday, March 8, 2013. If the United States believes that any of those prior filings contain confidential or prejudicial information and should remain under seal, it must object by Friday, March 1, 2013.

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) The United States' motion for a sixty-day stay, R. 17, is **DENIED**.

(2) The complaint, R. 2, and the United States' notice of decision not to intervene, R. 14, are **UNSEALED**.

(3) The relators **SHALL SERVE** the complaint on the defendants. The relators **SHALL SERVE** the notice of decision not to intervene and this Order on the defendants after serving the complaint.

(4) The Court will unseal all prior filings in this case except R. 12, R. 15-2, and R. 17-2 on **Friday, March 8, 2013**. The United States **SHALL FILE** any objections to lifting the seal on any other filings by **Friday, March 1, 2013**.

(5) The seal is **LIFTED** in this case as to all future filings.

(6) All filings in this case **SHALL** be served on the United States as authorized by 31 U.S.C. § 3730(c)(3).

(7) The relator shall not settle or voluntarily dismiss the case without first obtaining the consent of the United States. *See United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 344 (6th Cir. 2000).

This the 19th day of February, 2013.



Signed By:
*Amul R. Thapar*
United States District Judge

6