UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JENNIFER L. GRIFFITH and SARAH CARVER, | ) ) ) ) | Civil No. 11-157-ART |
| Plaintiffs, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| v. | ) ) ) | |
| ERIC C. CONN, et al., | ) ) ) | |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The United States has moved to reseal this False Claims Act action in light of the relators' amended complaint.  R. 35.  The motion raises a question of whether certain requirements in the Act apply to amended complaints.  The Court need not resolve the question because even under the United States' interpretation of the Act, the motion should be denied.

## BACKGROUND

Jennifer Griffith and Sarah Carver brought this action on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729–3733.  Their suit is against Eric C. Conn, a Kentucky lawyer, and David B. Daugherty, an administrative law judge for the Social Security Administration.  *See* R. 2 at 2.  The complaint alleges that Daugherty sought out cases involving Conn's clients, conducted sham proceedings, and awarded those clients benefits they were not entitled to receive.  *See id.* at 16–19.  Conn then collected attorney's fees for those claims.  *See id.* at 2.

The False Claims Act authorizes qui tam actions, in which private plaintiffs like Griffith and Carver (known as relators) bring civil suits for violations of the Act in the government's name. *See* 31 U.S.C. § 3730(b). If the suit is successful, the relators receive anywhere from fifteen to thirty percent of the amount recovered. *See id.* § 3730(d). By giving relators a stake in the outcome of these cases, the Act incentivizes relators to discover and investigate fraud against the government. *See United States* ex rel. *Poteet v. Medtronic, Inc.*, 552 F.3d 503, 507 (6th Cir. 2009).

The Act contains a unique set of procedural requirements. Complaints are filed under seal and served on the United States along with "all material evidence and information" the relator has in its possession. *See* 31 U.S.C. § 3730(b)(2). The United States has sixty days to decide whether to intervene and take over the case. *See id.*; *see also id.* § 3730(b)(3) (permitting a court to grant an extension of the sixty-day period if the United States demonstrates "good cause" for the extension). Those sixty days allow the United States "the chance to determine whether it was already investigating the claims" and "whether it wished to intervene" before the defendants were "tipped off that they were under investigation." *United States* ex rel. *Summers v. LHC Grp., Inc.*, 623 F.3d 287, 292 (6th Cir. 2010) (quotations omitted). After the United States decides whether or not to intervene, the complaint is ordered unsealed and served on the defendant. *See* 31 U.S.C. § 3730(b)(2).

This case has gone through all of those steps. The complaint was filed under seal on October 11, 2011. R. 2. The United States sought and received several extensions of its time—over 400 days—to decide whether to intervene. *See* R. 18 at 3 (summarizing the procedural history of this case). After the United States decided not to intervene, this Court lifted the seal on the case and ordered the complaint served on the defendants. R. 18 at 6.

## DISCUSSION

The relators have filed an amended complaint, and the United States argues that this case must go through those steps again.  R. 28; R. 35.  As the United States sees it, "complaint" as used in the Act means both original and amended complaints.  R. 35 at 2.  That interpretation is neither consistent with the Act's text nor required to effectuate the Act's purpose.  But, the Court need not resolve the interpretation question because even under the United States' reading of the Act, the case should not be resealed.

For starters, the Act refers only to "the complaint" and does not once mention "the amended complaint."  Statutory interpretation starts (unsurprisingly) with the statutory text.  *See United States v. Turner*, 465 F.3d 667, 671 (6th Cir. 2006).  When read in context with the rest of the Act, the omission of "amended complaint" appears intentional.  The Act is written in chronological order—it lays out the different rights of the relator and the United States from the start of an action to the end.  The Act first creates a procedure for the United States to decide whether to assume the lead in the action.  It then addresses the roles and rights of the United States, relator, and defendant during the rest of the action.  The complaint is the first step in a qui tam action; it is what sets the Act's wheels in motion.  So, it is reasonable to conclude that the Act is concerned with the complaint and not the amended complaint, which, by definition, is filed only after the Act's procedures are underway.

Sticking with the plain language of the Act is not a mere exercise in literalism; instead, it is consistent with the purpose of the Act.  To see why, consider the two times at which an amended complaint can be filed.  First, a relator can file his amended complaint during the United States' time to decide whether to intervene.  At that point, the case is still under seal, so the amended complaint does not tip off the defendant.  The United States may

3

file for an extension of its time to decide based on the amended complaint.  *See* 31 U.S.C. § 3730(b)(3) (permitting an extension for "good cause").  The filing of the amended complaint does not affect the United States' ability to "ascertain the status quo and come to a decision as to whether it will intervene."  *Summers*, 623 F.3d at 292 (describing the purpose of the sixty-day seal requirement).  Second, a relator can file his amended complaint after the United States decided not to intervene and the Court unseals the complaint.  By that point, the defendant is aware of the claims against him.  The United States knows the status of its own related civil or criminal investigations (if any) from its initial investigation.  In other words, the United States has already "ascertain[ed] the status quo."  *Id.*  The purpose of the sixty-day seal requirement has been accomplished, and there is no need to reseal the case again in light of the amended complaint.  If the amended complaint causes the United States to change its mind and want to intervene, the United States may do so.  *See* 31 U.S.C. § 3730(c)(4).  In sum, the purpose of the sixty-day seal requirement is accomplished as long as the complaint is filed under seal.  So, interpreting the Act to apply to only complaints, and not amended complaints, is consistent with the Act's purpose.

The United States urges the Court to adopt the following rule: If an amended complaint adds new defendants, claims, or substantial details, the seal requirement applies. R. 35-1 at 2–3.  Several district courts have approved that rule.  *See United States* ex rel. *Davis v. Prince*, 766 F. Supp. 2d 679, 684 (E.D. Va. 2011); *United States* ex rel. *McCurdy v. Gen. Dynamics Nat. Steel & Shipbuilding*, No. 07CV982 BTM (CAB), 2010 WL 1608411, at *1 (S.D. Cal. Apr. 20, 2010).  Others have rejected it.  *See United States* ex rel. *Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 803 (E.D. La. 2009); *Wisz* ex rel. *United States v. C/HCA Dev., Inc.*, 31 F. Supp. 2d 1068, 1069 (N.D. Ill. 1998); *United*

*States* ex rel. *Milam v. Regents of Univ. of Cal.*, 912 F. Supp. 868, 890 (D. Md. 1995). The Court need not side with one set of courts over the other because even under the United States' preferred interpretation, the case should not be resealed.

The United States argues that the rule applies in this case because of nine paragraphs of the amended complaint. R. 35-1 at 2–3. There, the relators allege that the Conn submitted false or fraudulent medical records in support of his clients' benefit claims. R. 28 at 35–36 ¶¶ 71–74. The relators also allege that Daugherty approved those claims, and the Social Security Administration reversed or investigated some of those decisions. *Id.* at 36–37 ¶ 75, 78–79. The United States simply points to those allegations without explaining why it needs more time to "[re]ascertain the status quo" in light of them. *Summers*, 623 F.3d at 292

Those paragraphs are not substantially different than the original complaint, so they do not support resealing this case. *See Prince*, 766 F. Supp. 2d at 684 (holding that the resealing requirement did not apply because the amended complaint was "substantially similar to the original complaint"); *McCurdy*, 2010 WL 1608411, at *1 (suggesting the same). The original complaint alleges that Conn submitted claims for benefits that Daugherty approved, even though the claims lacked merit. An obvious inference is that any medical records included with claims from Conn were just for show, to avoid detection. If the claims lacked merit, then any medical records supporting those claims would likely be false. The United States does not claim that it could not have drawn and investigated that inference in the time before it decided not to intervene. In fact, it is quite obvious that a thorough investigation—one that took at least 400 days—surely investigated the logical inferences from the plaintiffs' complaint. For that reason, the United States does not need

additional time to decide whether to intervene, and the sixty-day seal requirement does not apply to the amended complaint.

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1)     The amended complaint, R. 28 and R. 31, is **UNSEALED**.

(2)     The United States' motion to seal the amended complaint for sixty days, R. 35, is **DENIED**.

(3)     The plaintiffs **SHALL SERVE** the amended complaint, R. 28, and the United States' notice of decision not to intervene, R. 14, on the defendants within thirty days (by **Wednesday, August 28, 2013**). *See* R. 30 at ¶ 2.

This the 30th day of July, 2013.

Signed By:

*Amul R. Thapar*

United States District Judge