UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* Jennifer L. Griffith and Sarah Carver, | CIVIL ACTION NO. 7:11-157-KKC-EBA |
| **Plaintiffs,** | |
| **V.** | **OPINION AND ORDER** |
| ERIC C. CONN, ERIC CONN, P.S.C., and DAVID B. DAUGHERTY, | |
| **Defendants.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on Relators' motion. For the reasons stated below, the Court denies the motion.

**Background**

On October 11, 2011, Relators Jennifer L. Griffith and Sarah Carver filed a complaint under the *qui tam* provision of the False Claims Act, 31 U.S.C. § 3730. (DE 2.) In summary, Relators alleged that Eric Conn, a social security attorney, and David Daugherty, an administrative law judge, conspired to defraud the government. (DE 274 at 1.) Conn would bring social security cases on behalf of people seeking disability benefits, and Daugherty would assign those cases to himself and grant the benefits irrespective of the merits; Conn would then submit claims to the Social Security Administration to collect attorney's fees for bringing those cases. (DE 274 at 1-2.) After initially deciding not to intervene in the case, the government later partially intervened, but only as to the Conn defendants. (DE 223; DE 252.) On April 5, 2017, the Court issued a judgment against Conn that entitled the government to $12,260,197.74 in damages and $19,206,000 in civil penalties. (DE 314.) Meanwhile, on

March 24, 2017, Conn pleaded guilty to a criminal information that charged him with theft of government money and paying illegal gratuities. *United States v. Conn*, 5:17-CR-43-DCR-1, DE 9, DE 29.

On February 26, 2018, the government filed with the Court the Relator Share Agreement, which purported to resolve Relators' claim to a share of the proceeds of this action. (DE 323.) The government agreed "that Relators shall be awarded twenty-five percent (25%) of the Conn Civil Judgment Amount… actually paid to the United States." (DE 323-1 at 2.) Relators allege that no monies have ever been paid in direct satisfaction of the civil judgment. (DE 330-1 at 2.) However, the Relator Share Agreement also notes that the "Conn Criminal Plea Amount… however denominated, [is] considered an offset in whole or partial satisfaction of the Conn Civil Judgment Amount." (DE 323-1 at 4.) Relators note that, pursuant to his guilty plea, Conn agreed to an entry of a forfeiture judgment in the amount of $5,750,404.46 and the forfeiture of substitute assets; and that the government subsequently thrice moved to amend the order of forfeiture, adding substitute assets. (DE 330-1 at 2-3.)

Relators filed the present motion on November 6, 2019, seeking an order from the Court that would compel "the Government to pay over, forthwith, 25% of the gross proceeds of the forfeited property (net the costs – customary in such transactions – of selling Conn's vehicle and law office realty)," and "to provide an accounting of all Conn Criminal Plea Amounts, showing gross amount received, and any deductions taken therefrom." (DE 330-1 at 6-7.)

## <u>Discussion</u>

The government concedes in its response to Relators' motion that "Relators are entitled to a share of the proceeds from the forfeited assets of Eric C. Conn." (DE 331 at 1.) The government also affirms that it has "initiated the process" of paying Relators a 25% share

of those proceeds. (DE 331 at 2.) What is really at issue in Relators' motion is whether the share of the proceeds of the forfeited assets to which Relators are entitled should be calculated "less the costs the United States incurred in connection with the forfeiture and sale of those assets." (DE 331 at 2; DE 330-1 at 4.) On this point, Relators argue that "[t]he Agreement refers to 'any funds paid to the United States' not 'net' funds paid to the Government," and that the government "is bound under the Relators' Share Agreement not to deduct those costs prior to calculating and paying the amount owed to the Relators." (DE 330-1 at 5-6.)

As the government notes, however, the final orders of forfeiture in the criminal case provide that the forfeited funds and proceeds of the sale from any forfeited property shall be deposited into the Justice Department's Asset Forfeiture Fund "*after* payment of costs and expenses incurred in connection with the forfeiture, sale, or other disposition of the forfeited property." *United States v. Conn*, 5:17-CR-43-DCR-1, DE 69, DE 72 (emphasis added). As the government also notes, the Relator Share Agreement directs that Relators shall be awarded 25% of the funds "*actually paid* to the United States." (DE 323-1 at 3 (emphasis added).) And to the extent that Relators are attempting to intervene in the forfeiture proceedings in the criminal case (DE 330-1 at 5-6), "Relators lack standing to intervene in the criminal forfeiture action." *United States v. Van Dyck*, 866 F.3d 1130, 1133 (9th Cir. 2017); *see also* 21 U.S.C. § 853(k) ("Bar on Intervention").

Relators cite no persuasive legal authority establishing a basis for their argument that they are owed a share of the proceeds before costs, and the Court is not aware of any. The government's position on how to calculate the funds to which Relators are entitled seems consistent with the final orders of forfeiture in the criminal case and the language of the Relator Share Agreement. Further, Relators' motion is not brought pursuant to any provision of federal law governing False Claims Act cases; on its face, the motion effectively seeks an

3

order from the Court enforcing a contract between parties. The Relator Share Agreement was filed on the record in this case by the government – it is not an order issued by the Court. The Court is unconvinced that, in the posture of considering Relators' present motion, it has jurisdiction to enforce the agreement in the way that Relators' motion envisions. Finally, as stated above, the government has affirmed in its sworn filing that it has already initiated the process of paying Relators the share of the proceeds to which they are owed.

As to Relators' request for an accounting, the government has filed as an attachment to its response to Relators' motion a sworn declaration of the Program Operations Unit Chief for the Criminal Division of the Justice Department, which includes a summary of the revenues and expenses relating to the Conn forfeiture. (DE 331-2.) And, regardless, "a claim for an accounting is generally alleged as a count in a pleading, not in the form of a motion," and the Court can deny "the Motion for Accounting since it is not presented in a proper form." *Settlement Facility Dow Corning Tr. v. D'Iorio*, No. 11-10562, 2021 WL 1079922, at *5 (E.D. Mich. Mar. 30, 2012).

## Conclusion

Accordingly, the Court hereby ORDERS that Relators' motion (DE 330) is DENIED.

Dated May 8, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY